OPINION OF THE COURT
Maurice E. Strobridge, J.
The appellant has appealed the verdict of the Justice Court of the Town of Arcadia (Honorable Franklin T. Russell), rendered under UJCA article 18, which granted a verdict to the respondent in the amount of $1,923 (151 Misc 2d 1019).
On December 27, 1990 the parties entered into a written *722 installment contract whereby the respondent purchased from the appellant a 1979 Oldsmobile Toronado which had been driven 82,364 miles. As part of the transaction, the respondent traded in his vehicle and received a credit of $1,350 toward the purchase price. A document was signed by the respondent’s mother, on behalf of the respondent, which stated that the purchaser was accepting the vehicle in an "as is” condition, without any guarantee as to mechanical condition. It is unclear whether this document was furnished by the appellant or the respondent, although, curiously, it was apparently signed at the insistence of the respondent.
It is undisputed that the inspection certificate required under Vehicle and Traffic Law § 417 was provided by the appellant at the time of the sale.
On or about December 30, 1990 the respondent returned the vehicle to the appellant alleging that the vehicle had "no brakes” and was "jumping out of gear.” These were apparently repaired to the satisfaction of the respondent at the time. Again, in early January 1991, the respondent complained to the appellant that the vehicle was "stalling” and that "the engine was knocking”, and filed a complaint with the Department of Motor Vehicles, complaining primarily about the engine knock and stalling problems.
The vehicle was inspected in March by a DMV inspector who determined that the complained-of matters had been repaired by the appellant. The inspector did find, however, that there were defects in the exhaust system and the mounting of the fuel tank. These were corrected by the appellant, even though the statutory warranty period had expired and the vehicle had been driven more than 2,000 miles since its purchase. Although the respondent claimed at the hearing on June 7 that the frame was rusted and unusuable, the DMV inspector did not observe such a condition in March.
The inspector did testify at the hearing, however, that he had again inspected the vehicle just prior to the hearing and had found the frame to be in a rusted and nonrepairable condition. The appellant maintains that the inspector was not qualified as an expert to testify as to the condition of the frame, and that, in any event, there was a lack of admissible testimony concerning the cost of its replacement or repair. It is undisputed that the respondent did not complain about the rusted frame until the bringing of the action on May 6, 1991.
The respondent stated in his application for small claim *723 relief: "I bought a '79 Olds Toronado From them on Dec 27, 1990 to which I’ve had many problems with car + the dealer in Fixing. Now my mechanic tells me the Frame is completely rotted and should never have passed NYS Inspection when bought, and never will.”
The lower court denied recovery under General Business Law § 198-b (the so-called Lemon Law), and found for the respondent under Vehicle and Traffic Law § 417 and Uniform Commercial Code § 2-314. It awarded the respondent the value of his trade-in ($1,350), a refund of five monthly installment payments on the purchased vehicle ($498), and the cost of certain repairs incurred by the respondent ($75). The court also ordered transfer of the vehicle to the appellant.
Vehicle and Traffic Law § 417 provides, in part, as follows: "Upon the sale or transfer of title by a retail dealer of any second hand motor vehicle, intended for use by the buyer * * * upon the public highways, the vendor shall execute and deliver to the vendee an instrument in writing, in a form prescribed by the commissioner, in which shall be given the make, year of manufacture and identification number of the said motor vehicle, the name and address of the vendee, and the date of delivery to the vendee. Such notice shall also contain a certification that said motor vehicle complies with such requirements of this chapter as shall be specified by the commissioner and that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.”
Coupled with that section are the provisions of 15 NYCRR 78.13 (b), which provide, in part: "A dealer who sells a secondhand motor vehicle to be used on the public highways of this State must deliver to the purchaser a statement as follows: 'If this motor vehicle is classified as a used motor vehicle, (name of dealer) certifies that the entire vehicle is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.’ This statement shall be printed in at least 10-point type on the face of the dealer’s standard bill of sale which is provided to the retail purchaser upon delivery or acceptance of the vehicle.” (Emphasis added.)
Although the appellant maintains that the required language was included on the bill of sale, it was actually included on the reverse side of the document, and not on its face as required under the rule. Although the lower court decided *724 that the respondent had not been given any such statement, apparently the court was not provided with or was not aware of the reverse side of the bill of sale.
The court concluded that the "as is” document submitted by the respondent was a nullity under General Business Law § 198-b and Vehicle and Traffic Law § 417. However, it opined that it might be of some import under Uniform Commercial Code § 2-314 on the issue of implied warranty of merchantability, providing the appellant had complied with Uniform Commercial Code § 2-316 (3) (a) and (b). That section provides, inter alla, for the exclusion of the implied warranty by a written disclaimer or other act, providing the purchaser has first examined the item sold or has refused to examine it.
The court found that the appellant had not offered any testimony concerning the respondent’s inspection or refusal to inspect, and determined that any disclaimer was therefore inadequate to exclude the implied warranty. The court apparently based its decision on the "as is” document signed by the respondent’s mother, and did not consider a disclaimer on the bill of sale which read, in part, as follows: "i understand THAT YOU EXPRESSLY DISCLAIM ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE”. The appellant claims that he was unaware that the court was going to base its decision on the Uniform Commercial Code, and that had he known this he would have submitted the appropriate evidence to refute the findings of the court.
The appellant also maintains that the complaint of the respondent in his application did not alert him concerning his alleged failure to comply with Vehicle and Traffic Law § 417; that the gravamen of the respondent’s complaint was that the appellant had failed to have the vehicle adequately inspected at the time of the sale; and that he therefore did not offer any evidence to show that he had complied with section 417.
The lower court decided that the appellant failed to comply with Vehicle and Traffic Law § 417 in part on the mistaken belief that the respondent had not been supplied with the required certification. Such a certification was apparently on the bill of sale given to the respondent, although not on the face of the document.
The court finds that substantial justice was not done between the parties according to the rules and principles of substantive law. (UJCA 1807.) Even though the result may not *725 change, the appellant should be given the opportunity to present what evidence he can to establish his defense to the respondent’s present theory of recovery.
Accordingly, the verdict of the lower court is reversed and the matter is remanded for a new hearing.